UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:22-cv-22349-KMM

EFRAIN REYES KNOWLES, *et al.*,

    Plaintiffs,

v.

WELLAPTH, *et al.*,

    Defendants.

_____/

## REPORT AND RECOMMENDATIONS

**THIS CAUSE** is before the Court on the Application to Proceed in District Court Without Prepayment of Fees or Costs filed by Plaintiff Efrain Reyes Knowles. ("Application") (ECF No. 3). This matter has been referred to the undersigned United States Magistrate Judge, pursuant to 28 U.S.C. § 636 and the Magistrate Judge Rules of the Local Rules of the Southern District of Florida, by the Honorable K. Michael Moore, United States District Judge, for a ruling on all pre-trial, non-dispositive matters, including discovery, and for a Report and Recommendation on any dispositive matters. (ECF No. 5). Having reviewed Plaintiff's Application and being otherwise fully advised in the premises, the undersigned **RECOMMENDS** that the Application be **DENIED** without prejudice, and the Complaint **DISMISSED** without prejudice and with leave to amend.

**I.    BACKGROUND**

This is an action for damages purportedly claiming relief pursuant to the Fifth, Sixth, Seventh, and Eighth Amendments[1] to the U.S. Constitution.

---

[1] The Complaint references "Chapters" of the U.S. Constitution. *See* (ECF No. 1 at 3).

On July 27, 2022, Efrain Reyes Knowles ("Plaintiff"), also known as "Morning Star", and Dr. Peter James Dirk Romanov Aslonovich, Ph.D. Admiral Attorney at Law (the "Co-Plaintiff") initiated this suit by filing a *pro se* complaint[2] naming Wellpath, the South Florida Evaluation and Treatment Center, and the Department of Children and Family as Defendants. (ECF No. 1).

The Complaint identifies fellow patients who are not parties to this action who have physically assaulted Plaintiff; Plaintiff alleges that Wellpath security did nothing in response, and only transferred him to a hospital. Plaintiff asserts that he has been prohibited from using the phone because he desires to press charges. He requests video of the incidents. He also claims that he reported a prior incident of staff hitting him in the showers on one occasion in a location without video cameras. Further, the Complaint appears to assert that Plaintiff witnessed other patients assault the Co-Plaintiff. Plaintiff again alleges that security took no action in response. Accordingly, Plaintiff and Co-Plaintiff both seek $1,000,000.00 in damages and "$100,000.00 per blow each." (ECF No. 1 at 2).

The remainder of the Complaint describes the Co-Plaintiff's family background—it identifies his grandfather as associated with the Daily Planet newspaper[3]—and involvement in a prior lawsuit that seems to bear some connection to trafficking enslaved persons.

## II.   LEGAL STANDARD

Under Section 1915(e), "court[s] shall dismiss [a] case at any time if the court determines that . . . the action or appeal . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief," notwithstanding any filing fee or portion thereof that may have been paid. 28 U.S.C. § 1915(e)(2)(B);

---

[2] The document is titled "Unsafe Custody."
[3] The undersigned notes that the Daily Planet is a newspaper featured in the Superman comic series. *See* Jimmy Stamp, *The Architecture of Superman: A Brief History of the Daily Planet*, SMITHSONIAN MAG. (June 12, 2013), https://www.smithsonianmag.com/arts-culture/the-architecture-of-superman-a-brief-history-of-the-daily-planet-22037/.

*see also Mehmood v. Guerra*, 783 F. App'x 938, 940 (11th Cir. 2019) ("[U]nder § 1915(e), district courts have the power to screen complaints filed by all IFP litigants, *prisoners and non-prisoners alike*." (emphasis added)).

The standard for dismissal under Federal Rule of Civil Procedure 12(b)(6) governs a dismissal under § 1915(e)(2)(B)(ii). *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997). Dismissal under Rule 12(b)(6) is appropriate when the facts as pled do not state a claim for relief that is "plausible on its face." *Ashcroft v. Iqbal*, 555 U.S. 662, 678 (2009). In addition, § 1915 requires dismissal when the legal theories advanced are "indisputably meritless," *Nietzke v. Williams*, 490 U.S. 319, 327 (1989); when the claims rely on "clearly baseless" factual allegations, *Denton v. Hernandez*, 504 U.S. 25, 32 (1992); or, when the plaintiff ostensibly has little or no chance of success, *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001).

*Pro se* complaints are held to "less stringent standards than formal pleadings drafted by lawyers and can only be dismissed for failure to state a claim if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Estelle v. Gamble*, 429 U.S. 97, 106 (1979) (internal quotations and citations omitted). In determining whether to dismiss a *pro se* plaintiff's complaint, the allegations are taken as true and are construed in the light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). Although a plaintiff is not held to a high standard in a motion to dismiss for failure to state a claim, the Federal Rules require "a short and plain statement" of the claim that will give the defendant fair notice of the plaintiff's claim and the grounds it rests upon. *See* Fed. R. Civ. P. 8(a); *Roe v. Aware Woman Ctr. for Choice, Inc.*, 253 F.3d 678, 683 (11th Cir. 2001). Moreover, "[u]nder § 1915(e)(2)(B)(ii), a district court must dismiss a case in which the plaintiff is proceeding in forma pauperis if the court determines that the complaint fails to state a claim on which relief may be granted." *Wright v. Miranda*, 740 F. App'x 692, 694 (11th Cir. 2018). Although district courts must

liberally construe *pro se* pleadings, courts are not required to rewrite complaints to create a viable cause of action where one does not otherwise exist. *GJR Invs. v. County of Escambia*, 132 F. 3d 1359, 1369 (11th Cir. 1998).

## III. DISCUSSION

### A. Shotgun Pleading

First, I find that the Complaint is a shotgun pleading and recommend that it be dismissed without prejudice on those grounds with leave to amend.

As noted above, Rule 8(a) requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8(d)(1) requires that "[e]ach allegation must be simple, concise, and direct." The Complaint is a shotgun pleading that does not meet these minimum pleading standards. The Eleventh Circuit has provided substantial guidance on shotgun pleadings, identifying four such categories:

> Though the groupings cannot be too finely drawn, we have identified four rough types or categories of shotgun pleadings. The most common type—by a long shot—is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint. The next most common type, at least as far as our published opinions on the subject reflect, is a complaint that does not commit the mortal sin of re-alleging all preceding counts but is guilty of the venial sin of being replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action. The third type of shotgun pleading is one that commits the sin of not separating into a different count each cause of action or claim for relief. Fourth, and finally, there is the relatively rare sin of asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against.

*Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1321–23 (11th Cir. 2015) (footnotes omitted). "The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id.* at 1323. "Courts in the Eleventh Circuit

have little tolerance for shotgun pleadings." *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018).

As I noted earlier, the Complaint contains considerable matter related to the Co-Plaintiff's family background and his involvement in other lawsuits pertaining to the trafficking of enslaved persons; this factual matter has no apparent relation to any plausible claim asserted in this action. To that end, the Complaint falls into the second category of shotgun pleadings because it is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." *Id.* at 1322.

The Complaint likewise falls into the fourth category of shotgun pleadings with respect to Plaintiff, as it "assert[s] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Id.* at 1323. For example, the Complaint names as Defendants the South Florida Evaluation and Treatment Center and the Department of Children and Family, yet there are no allegations in the Complaint specific to any actual conduct by either of those entities or their employees, and their connection to the factual matter alleged in the Complaint is otherwise unclear. Further, assuming that the Complaint's reference to the Fifth, Sixth, Seventh, and Eighth Amendments to the U.S. Constitution applies to any potential claims asserted by both Plaintiff and the Co-Plaintiff, the Complaint also falls into the third category of shotgun pleadings because it does not "separate[e] into a different count each cause of action or claim for relief." *Id.* at 1322–23.

### B.   Eleventh Amendment Immunity

Second, I find that Defendant Department of Children and Family must be dismissed with prejudice. Here, Plaintiff and Co-Plaintiff seek only monetary relief for their claims—$1,000,000.00 in damages and "$100,000.00 per blow each." (ECF No. 1 at 2). To the extent they assert any claims for monetary damages against Defendant Department of Children and Family, such claims are barred

by the Eleventh Amendment. *See Freeze v. Sec'y, Dep't of Child. & Fams.*, 825 F. App'x 606, 609 (11th Cir. 2020) (affirming district court finding that claims for monetary damages against the Florida Department of Children and Families are barred by the Eleventh Amendment). As review of the Complaint does not reveal any request for prospective relief sought against any Defendant, I recommend that Defendant Department of Children and Family be dismissed from this action with prejudice.

        **C.**      **Excessive Force**

Third, I find that the Complaint fails to state a claim for excessive force as pled. "If force used against a pretrial detainee is more severe than is necessary to subdue him or otherwise achieve a permissible governmental objective, it constitutes 'punishment' and is therefore unconstitutional." *Piazza v. Jefferson Cnty., Alabama*, 923 F.3d 947, 952 (11th Cir. 2019). The use of force against a pretrial detainee is evaluated "through the lens of a 'reasonable officer on the scene.'" *Id.* at 953. Here, Plaintiff alleges that he reported an incident of a staff member hitting him in the shower. He concludes that this force was excessive. However, the Complaint does not allege factual matter related to the circumstances of Plaintiff being hit in the shower sufficient for the Court to determine whether Plaintiff has adequately pled a claim for excessive force under the Fourteenth Amendment. *Cf., e.g.*, *id.* at 953–54 (recounting in detail the factual circumstances pled leading up to the use of force and concluding that tasering a pretrial detainee a second time for failure to comply was excessive where the pretrial detainee lay immobilized and incontinent on the floor after initially being tasered).

In short, to the extent Plaintiff asserts a claim for excessive force against, it is conclusory and lacks factual context. Accordingly, I recommend that the Complaint be dismissed to the extent it can be construed as asserting a claim for excessive force.

**D.     Deliberate Indifference**

Last, I find that the Complaint fails to state a claim to the extent it can be construed as setting forth a claim of deliberate indifference to detainee-on-detainee violence. "To establish a § 1983 claim for deliberate indifference, a plaintiff must show '(1) a substantial risk of serious harm; (2) the defendants' deliberate indifference to that risk; and (3) causation.'" *Marbury v. Warden*, 936 F.3d 1227, 1233 (11th Cir. 2019); *see also Nam Dang by & through Vina Dang v. Sheriff, Seminole Cnty. Fla.*, 871 F.3d 1272, 1279 (11th Cir. 2017) (noting that a pretrial detainee's deliberate indifference claims under the Fourteenth Amendment are evaluated under the same standard as a prisoner's claims under the Eighth Amendment) (citing *Goebert v. Lee Cnty.*, 510 F.3d 1312, 1326 (11th Cir. 2007)). Plaintiff and Co-Plaintiff can allege a claim for deliberate indifference based on a generalized risk of violence in their facility. However, "[t]o establish deliberate indifference based on a generalized risk, the plaintiff must show 'that serious inmate-on-inmate violence was the norm or something close to it.'" *Id.* 1234.

Here, both Plaintiff and Co-Plaintiff claim they were beaten by fellow patients. Plaintiff claims the only action Wellpath took was to transport him to a hospital downtown after he was beaten. Plaintiff observed Co-Plaintiff beaten by the same patients who beat Plaintiff, but Wellpath did not take any action against those patients. However, the Complaint does not allege factual matter related to these attacks sufficient for the Court to determine whether the Plaintiff and Co-Plaintiff adequately set forth a claim for deliberate indifference under the Fourteenth Amendment. For example, as pled, it is not clear when specifically these attacks occurred; whether Plaintiff and Co-Plaintiff were attacked by the same patients as part of the same, single attack, or if the attacks on Plaintiff and Co-Plaintiff were separate attacks; and whether there have been other attacks. In short, the Complaint does not contain sufficient factual matter to put these alleged attacks in context.

Accordingly, I recommend that the Complaint be dismissed to the extent it can be construed as asserting a claim for excessive force.

## IV.   RECOMMENDATION

For the foregoing reasons, the undersigned respectfully **RECOMMENDS** that the Application (ECF No. 3) be **DENIED** without prejudice, and the Complaint (ECF No. 1) **DISMISSED** without prejudice and with leave to amend as set forth above.[4]

The undersigned further **RECOMMENDS** that Defendant Department of Children and Family Services be **DISMISSED** from this action with prejudice.

Pursuant to Local Magistrate Rule 4(b), the Parties have fourteen (14) days from the date of this Report and Recommendation to serve and file written objections, if any, with the Honorable K. Michael Moore, United States District Judge.  Failure to timely file objections shall bar the Parties from *de novo* determination by the District Judge of any factual or legal issue covered in the Report and shall bar the parties from challenging on appeal the District Judge's Order based on any unobjected-to factual or legal conclusions included in the Report.  *See* 28 U.S.C. § 636(b)(1); 11th Cir. Rule 3-1; *Patton v. Rowell*, 2017 WL 443634 (11th Cir. Feb. 2, 2017); *Cooley v. Commissioner of Social Security*, 2016 WL 7321208 (11th Cir. Dec. 16, 2016).

**RESPECTFULLY SUBMITTED** in Chambers on this 30th day of August, 2022.

_____
LAUREN LOUIS
UNITED STATES MAGISTRATE JUDGE

---

[4] Although the rule in this Circuit is that "[a] district court is not required to grant a plaintiff leave to amend his complaint sua sponte when the plaintiff, who is represented by counsel, never filed a motion to amend nor requested leave to amend before the district court," *Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541, 542 (11th Cir. 2002), when dismissing a complaint, a district court is required to *sua sponte* afford a *pro se* plaintiff leave to amend, "at least where a more carefully drafted complaint might state a claim." *Carter v. HSBC Mortg. Servs., Inc.*, 622 F. App'x 783, 786 (11th Cir. 2015); *cf. Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 & n.6 (11th Cir. 2018).

cc:      Honorable K. Michael Moore

           Efrain Reyes Knowles
           South Florida Evaluation & Treatment Center
           18680 SW 376th Street
           Florida City, FL 33034
           PRO SE

           Dr. Peter James Dirk Romanov Aslonovich, Ph.D. Admiral Attorney at Law