UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:22-cv-22349-KMM

EFRAIN REYES KNOWLES, *et al.*,

    Plaintiffs,

v.

WELLPATH, *et al.*,

    Defendants.
_____/

## ORDER

**THIS CAUSE** came before the Court upon the Application to Proceed in District Court Without Prepayment of Fees or Costs filed by Plaintiff Efrain Reyes Knowles. ("Application") (ECF No. 3). The Court referred the matter to the Honorable Lauren F. Louis, United States Magistrate Judge, to take "all necessary and proper action as required by law regarding all pre-trial, non-dispositive matters including discovery, and for a Report and Recommendation on any dispositive matters." (ECF No. 5). On August 30, 2022, Magistrate Judge Louis entered a Report and Recommendation, recommending that Plaintiff's Motion be denied and that the Complaint, ("Compl.") (ECF No. 1), be dismissed with prejudice. ("R&R") (ECF No. 6). On October 4, 2022, Plaintiff filed Objections to the R&R. ("Objections") (ECF No. 7). The matter is now ripe for review. As set forth below, the Report and Recommendation is ADOPTED.

The Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by a magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). The Court "must consider *de novo* any objection to the magistrate judge's recommendation." Fed. R. Civ. P. 72(b)(3). A *de novo* review is required if a party files "a proper, specific objection" to

a finding contained in the report. *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006). "It is critical that the objection be sufficiently specific and not a general objection to the report" to warrant de novo review. *Id.*

However, a party's objections are improper if they expand upon and reframe arguments already made and considered by the magistrate judge, or simply disagree with the magistrate judge's conclusions. *See Melillo v. United States*, No. 17-CV-80489, 2018 WL 4258355, at *1 (S.D. Fla. Sept. 6, 2018); *see also Marlite, Inc. v. Eckenrod*, No. 10-23641-CIV, 2012 WL 3614212, at *2 (S.D. Fla. Aug. 21, 2012) ("It is improper for an objecting party to . . . submit [ ] papers to a district court which are nothing more than a rehashing of the same arguments and positions taken in the original papers submitted to the Magistrate Judge.  Clearly, parties are not to be afforded a 'second bite at the apple' when they file objections to a R & R.") (quoting *Camardo v. Gen. Motors Hourly-Rate Emps. Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992)).  When the objecting party has not properly objected to the magistrate judge's findings, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  *See Keaton v. United States*, No. 14-21230-CIV, 2015 WL 12780912, at *1 (S.D. Fla. May 4, 2015); *see also Lopez v. Berryhill*, No. 17-CV-24263, 2019 WL 2254704, at *2 (S.D. Fla. Feb. 26, 2019) (stating that a district judge "evaluate[s] portions of the R & R not objected to under a clearly erroneous standard of review" (citing *Davis v. Apfel*, 93 F. Supp. 2d 1313, 1317 (M.D. Fla. 2000))).

Plaintiff's entire Objection states, "8th amendment, 5th amendment, 11th amendment, 28 USC § 1915 Unusual and Cruel Punishment.  Your honor [] we been hurt and people have die i please ask that you grant relief.  Of all the people that file lawsuits please don't ignore me ive almost died." Objs. at 1.  Plaintiff's filings are not proper objections to Magistrate Judge Louis's

R&R. Nor do they remedy the deficiencies identified in the R&R. Accordingly, this Court need only be satisfied that there is no clear error. *See Keaton,* 2015 WL 12780912, at *1

As set forth in the R&R, Magistrate Judge Louis finds that: (1) the claims against the Department of Children and Family must be dismissed because the claims are barred by the Eleventh Amendment; (2) Plaintiff's Complaint fails to state a claim for excessive force; (3) Plaintiff's Complaint fails to state a claim to the extent it can be construed as setting forth a claim of deliberate indifference to detainee-on-detainee violence; and (4) the Complaint is a shotgun pleading and should be dismissed with prejudice on those grounds with leave to amend. R&R at 4–7. Magistrate Judge Louis recommends that Plaintiff's Motion be denied, and the Complaint be dismissed without prejudice and with leave to amend. *Id.* at 3.

This Court agrees.

UPON CONSIDERATION of the Complaint (ECF No. 1), the pertinent portions of the record, and being otherwise fully advised in the premises, it is hereby ORDERED AND ADJUDGED that:

1. The R&R (ECF No. 6) is ADOPTED.

2. The Complaint (ECF No. 1) is DISMISSED WITHOUT PREJUDICE for failure to state a valid claim pursuant to 28 U.S.C. § 1915(e).

3. Pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure, Plaintiff is granted leave to file an amended complaint on or before **November 20, 2022**. Failure to do so shall result in dismissal with prejudice for failure to state a valid claim under 28 U.S.C. § 1915(e).

4. The Clerk of Court is instructed to CLOSE this case. The Court will instruct the Clerk of Court to reopen this case upon the filing of an amended complaint that cures the deficiencies discussed above. If Plaintiff decides to initiate a new case by re-filing the

Complaint in this Court, he must either (1) pay the $402.00 filing fee; or (2) file a motion to proceed *in forma pauperis*.

5. All pending motions are DENIED AS MOOT.

6. The Clerk of Court is INSTRUCTED to transmit a copy of this Order to Plaintiff.

DONE AND ORDERED in Chambers at Miami, Florida, this 14th day of October, 2022.

*K. M. Moore*
K. MICHAEL MOORE
UNITED STATES DISTRICT JUDGE

c: Efrain Reyes Knowles
South Florida Evaluation & Treatment Center
10860 SW 376th Street
Florida City, FL 33034
PRO SE